**Yuanjin LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States,[1] Respondent.**

No. 03–41172 NAC.

United States Court of Appeals, Second Circuit.

Nov. 8, 2005.

Jim Li, New York, NY, for Petitioner.

Stephen P. Sinnott, Acting United States Attorney, Leslie K. Herje, Assistant United States Attorney for the Western District of Wisconsin, Madison, WI, for Respondent.

Present: WALKER, Chief Judge, POOLER, and B.D. PARKER, Circuit Judges.

Petitioner Yuanjin Lin ("Lin") petitions for review of a final order of removal by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") and denying his application for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case. In this appeal, Lin challenges the propriety of the IJ's adverse credibility finding as well as the BIA's use of its summary affirmance procedure.

This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also typically reviewed under the substantial evidence standard of review, and this Court's review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). The IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). " 'Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.'" *Id.* (quoting *Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004)).

The IJ properly found Lin to be not credible based on the many discrepancies between Lin's testimony and his first asylum application. Those discrepancies included failure to mention in his first asylum application that his wife hid in his aunt's home during her second pregnancy and that his second child was born prematurely. Furthermore, in his first asylum application, Lin stated that he paid a 20,-000 RMB fine, but testified that he was assessed a fine but did not pay and fled to the United States. Lin also stated, in his asylum application that his wife's second pregnancy was discovered, but testified that it was not discovered. The differences in Lin's asylum application and his testimony relate directly to his claims that his wife was forced to undergo an abortion and sterilization, and thus are material. As such the IJ's finding of negative credibility was supported by substantial evidence.

In addition, the identification documents that Lin produced did not buttress his testimony. As the IJ noted, Lin's identification documents were obtained after he left China. He testified that he did not have an identity card while he was in China because the Chinese government "could not find [his] file," but that his wife was able to obtain an identity card for him five years after he left China. Furthermore, the household registration certificate that Lin submitted was missing Lin's identification number, and thus any way of connecting Lin to the certificate. Finally, the United States State Department's Country Profile for China stated that documents from the Fujian Province are commonly forgeries.

Also, Lin's claim that it was improper for the BIA to summarily affirm the IJ in his particular case is without merit. *See Zhang v. United States Dep't of Justice*, 362 F.3d 155, 157–58 (2d Cir.2004).

Accordingly, we deny Lin's petition, and the stay of removal previously granted is vacated.